FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 07, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EMMANUEL ROY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>HIRERIGHT LLC,<br><br>　　　　　　Defendant. | NO: 2:25-CV-0018-TOR<br><br>ORDER DISMISSING WITH PREJUDICE |

BEFORE THE COURT is Defendants' Motion for Sanctions.  ECF No. 18.  This matter was submitted for consideration without oral argument.  Plaintiff has not responded.  The Court has reviewed Defendant's briefing and the record and files herein and is fully informed.

## DISCUSSION

It is well established that district courts have the authority to dismiss for failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b);

ORDER DISMISSING WITH PREJUDICE ~ 1

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  In determining whether to dismiss a case for failure to comply with a court order or failure to prosecute, the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  *Ferdik*, 963 F.2d at 1260-61; *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Similarly, "[i]t is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants …."  *Ferdik*, 963 F.2d at 1261.  In the present action, the first two factors weigh in favor of dismissal.  Plaintiff has not filed a response to Defendants' motion.  This lack of response by Plaintiff clearly suggests that Plaintiff does not intend to litigate this case diligently, and ongoing delay would hinder the Court's ability to manage its docket.

The third factor for the Court to weigh is the risk of prejudice to the Defendants.  The Court must examine whether Plaintiff's actions impaired the Defendants' ability to go to trial or threatened to interfere with the rightful decision

of the case. *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). The Court must also weigh whether prejudice is sufficient to support dismissal with consideration of the strength of Plaintiff's excuse for default. *See Malone*, 833 F.2d at 131. In the instant case Plaintiff has offered no excuse for his default.

The fourth factor for the Court to consider is the public policy favoring disposition of cases on their merits. The Ninth Circuit has repeatedly found that public policy favors disposition of cases on the merits, therefore, this factor weighs against dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002); *Malone*, 833 F.2d at 133 n.2.

The fifth factor for the Court to consider is the availability of less drastic alternatives. *See U.S. v. Nat'l Med. Enter.*, 792 F.2d 906, 913 (9th Cir. 1986) (court must first consider the impact of the sanction and the adequacy of less drastic sanctions). "[C]ase law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement." *Malone*, 833 F.2d at 132-33. This factor weighs in favor of dismissal. Plaintiff was clearly instructed to comply with the Court's

ORDER DISMISSING WITH PREJUDICE ~ 3

Order.  Plaintiff's complete lack of response demonstrates an unwillingness to participate in prosecuting this action.

After carefully weighing each of the factors, the Court finds that four out of the five weigh in favor of dismissal.  Accordingly, the Court orders dismissal of this case.

To date, Plaintiff has never served initial disclosures, never responded to Defendant's repeated communications, and continues to stonewall the progress of this litigation in direct violation of this Court's May 5, 2025, and June 26, 2025, Orders.  Plaintiff's conduct is deliberate and in bad faith.

If the district court grants a party's motion to compel, Federal Rule of Civil Procedure 37(a)(5) empowers the court to award attorney's fees to the moving party:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A).  The Court will consider Defendant's motion for attorney fees once it has been filed.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. All claims and causes of action in this matter are **DISMISSED** with prejudice.

ORDER DISMISSING WITH PREJUDICE ~ 4

2. All pending motions are **DENIED** as moot, and the Scheduling Order ECF No. 13, is **VACATED**.

The District Court Executive is directed to enter this Order and judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

**DATED** August 7, 2025.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING WITH PREJUDICE ~ 5